Gary S. Fish, Esq.  (GSF   6551)
20 Vesey Street, #210, NY, NY 10007
(212) 964-5072
Attorney  for the Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X CASE NO.:
CRISTY GONZALEZ, and TYRENE GONZALEZ,

               PLAINTIFFS,             PLAINTIFFS   COMPLAINT

        -against-

THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT; POLICE OFFICER JAYTHER
LIRIANO; "JOHN DOE", and "RICHARD ROE",

              DEFENDANTS.
_____X

     Plaintiffs, by and through their attorney Gary S. Fish, Esq., set forth the following as their Complaint, against  defendants.

COUNT I
(VIOLATION OF 42 U.S.C. SECTION   1983-FALSE ARREST, PLAINTIFF CRISTY GONZALEZ against DEFENDANTS)

1.  On or about    January 8, 2025,   , and at all times relevant herein,  plaintiffs resided and reside at    3050 Park Avenue, #16B, Bronx, NY 10451.

2.  On or about    January 8,    2025,    and at all times relevant herein, defendant The City of New York,  on   information and belief, was and is a municipal corporation lawfully organized and existing under the laws of the State of New   York, and on 1-8-25, and at all times relevant herein, said defendant municipal corporation had and has a principal place of business located at 530 Municipal   Building, NY, NY 10007.

-1-

3. On or about 1-8-25, and at all times relevant herein, defendant The City of New York, and/or its agents and/or employees and/or representatives, acted pursuant to a municipality implemented plan, decision, custom, rule, regulation and/or order.

4. On or about January 8, 2025, and at all times relevant herein, defendant New York Police Department was and is a business entity, form unknown, lawfully organized and existing under the laws of the State of New York, and on 1-8-25 said defendant New York Police Department ("NYPD") was an agent, and/or employee and/or representative of defendant The City of New York, and had and has a principal place of business located at One Police Plaza, NY, NY 10038.

5. On or about 1-8-25, and at all times relevant herein, defendant Police Officer, Jayther Liriano, was and is an NYPD police officer, and then had and has a principal place of business located at One Police Plaza, NY, NY 10038.

6. On or about 1-8-25 and at all times relevant herein, defendants "John Doe" and "Richard Roe" were and are NYPD police officers, whose true names are presently unascertained, with their principal places of business located at One Police Plaza, NY, NY 10038, and on 1-8-25, both of these defendants, as well as defendant Liriano, herein above described, acted within the scope of their agency and/or authority and/or employment on behalf of NYPD, which was then, and at all times relevant herein, under the dominion and/or possession and/or ownership and/or control of defendant The City of New York.

7. On or about 1-8-25, the aforesaid individual defendants, acting purportedly pursuant to Warrant #B004-2025, signed by Honorable S. Deronn (sic) Bowen, Judge, on 1-3-25, which expressly authorized on the premises located at 3050 Park Avenue, #16B, Bronx, NY 10451, the search of LOCKED CONTAINERS, CABINETS, CLOSETS, STRONG BOXES, DESKS,

SUITCASES, OR BRIEFCASES, OR OTHER CONTAINERS THEREIN (My emphasis), entered the subject premises, looked into a closed black garbage bag in a closet existing thereon, in which allegedly crack cocaine was then found, and seized an individual named Desmond Edwards, who also resided on said premises, and whose seizure, was expressly authorized by Warrant #B004-2025.

8. Nowhere in Warrant #B004-2025, was the search and/or seizure of either plaintiff, expressly authorized.

9. Nowhere in Warrant #B004-2025, was the search and/or seizure of a black garbage bag, expressly authorized.

10. After, on or about 1-8-25, defendant Police Officer Liriano, and defendants "John Doe" and "Richard Roe" found the above noted, alleged crack cocaine in a black garbage bag, in a closed closet on the premises of 3050 Park Avenue, #16B, Bronx, NY 10451, where the plaintiffs, and Desmond Edwards, then resided, said defendants, acting pursuant to a municipality implemented plan, and/or order, and/or rule and/or regulation and/or decision and/or custom, wrongfully, intentionally, and without probable cause, arrested plaintiff Christy Gonzalez.

11. As a result of defendants' false arrest of plaintiff Cristy Gonzalez, she was wrongfully, intentionally, without probable cause, confined for approximately five (5) hours, at a Bronx Police Precinct, Bronx, NY.

12. As a result of defendants' false arrest of plaintiff Cristy Gonzalez, she was caused to sustain anxiety, stress and humiliation.

13. Defendants' false arrest of plaintiff Cristy Gonzalez, was wanton, oppressive, egregious, heinous, was calculated to and did result in loss of liberty, and defendants and each of them, are

liable for punitive and exemplary damages as a result thereof.

14. Venue is proper herein, where the substantial acts giving rise to the subject matter of this lawsuit, have occurred in United States District Court, Southern District of New York.

15. The false arrest of the plaintiff Cristy Gonzalez, by defendants, and each of them, was part and parcel, of an unconstitutional municipality implemented plan, decision, custom rule, regulation and/or order, in one or more of the following ways, in that: (a) they acted in an ultra vires manner, beyond the scope of the subject Warrant #B004-2025, which did not expressly authorize the seizure and/or search of plaintiff Cristy Gonzalez; (b) they fabricated false, inculpatory evidence against plaintiff Cristy Gonzalez, by claiming that she was a co-conspirator with Desmond Edwards, although she had no knowledge of and/or culpability pertaining to the alleged crack cocaine allegedly found in a black garbage bag, in a closed closet, on the premises of the subject apartment; and (c) they fabricated false, inculpatory evidence against plaintiff Cristy Gonzalez, in order to keep her wrongfully confined for approximately five (5) hours at a Bronx, Police Precinct, Bronx, NY, by falsely claiming that she intended to distribute the alleged seized crack cocaine discovered in a black garbage bag, in a closed closet on the subject premises, and/or by falsely claiming that scales and instruments seized from the Edwards apartment belonged to her, knowing said claim was false.

16. As a result of defendants' herein constitutional violations, plaintiff Cristy Gonzalez, incurred reasonable attorney fees and costs.

COUNT II
(VIOLATION OF 42 U.S.C. SECTION 1983-FALSE ARREST, PLAINTIFF TYRENE GONZALEZ against DEFENDANTS)

17. Plaintiffs herewith repeat, restate and reallege Paragraphs 1-16 of the First Count.

18. On or about 1-8-25 the defendants wrongfully, intentionally, without probable cause, arrested plaintiff Tyrene Gonzalez, on the premises of 3050 Park Avenue, #16B, Bronx, NY 10451.

19. As a result of defendants' false arrest of plaintiff Tyrene Gonzalez, she was wrongfully, intentionally, without probable cause, confined for approximately five (5) hours, at a Bronx Police Precinct, Bronx, NY.

20. As a result of defendants' false arrest of plaintiff Tyrene Gonzalez, she was caused to sustain anxiety, stress and humiliation.

21. Defendants' false arrest of plaintiff Tyrene Gonzalez, was wanton, oppressive, egregious, heinous, was calculated to and did result in loss of liberty, and defendants and each of them, are liable for punitive and exemplary damages as a result thereof.

22. The false arrest of the plaintiff Tyrene Gonzalez, by defendants, and each of them, was part and parcel of an unconstitutional municipality implemented plan, decision, custom, rule, regulation and/or order, in one or more of the following ways, in that: (a) they acted in an ultra vires manner, beyond the scope of the subject Warrant #B004-2025, which did not expressly authorize the seizure and/or search of plaintiff Tyrene Gonzalez; (b) they fabricated false inculpatory evidence against plaintiff Tyrene Gonzalez, by claiming that she was a co-conspirator with Desmond Edwards, although she had no knowledge of and/or culpability pertaining to the alleged crack cocaine allegedly found in a black garbage bag, in a closed closet, on the premises of the subject apartment; and (c) they fabricated false, inculpatory evidence against plaintiff Tyrene Gonzalez, in order to keep her wrongfully confined for approximately five (5) hours at a Bronx, Police Precinct, Bronx, NY, by falsely claiming that she intended to distribute the alleged

seized crack cocaine discovered in a black garbage bag, in a closed closet on the subject premises. and/or by falsely claiming that scales and instruments seized from the Edwards apartment belonged to her, knowing said claim was false.

23. As a result of defendants' herein constitutional violations, plaintiff Tyrene Gonzalez incurred reasonable attorney fees and costs.

WHEREFORE, plaintiff prays for relief as follows:

AS AND FOR EACH OF THE FIRST AND SECOND COUNTS:

1. For damages in the amount of $350,000.00 (Three Hundred Fifty Thousand Dollars and Zero Cents);

2. For punitive and exemplary damages in the amount of $1,400,000.00; (One Million Four Hundred Thousand Dollars and Zero Cents);

3. For reasonable attorney fees and costs;

4. For disbursements; and

5. For any other just relief by the Court.

DATED: NY, NY;   JUNE   24, 2025

Respectfully submitted,

_____
Gary S. Fish, Esq., (GSF 6551), Attorney for the Plaintiffs, 20 Vesey Street, #210, NY, NY 10007; (212) 964-5072

-6-