

**STEVEN BANKS**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 Church Street
NEW YORK, NY 10007

**JOHN MCLAUGHLIN**
Phone: (212) 356-2670
Fax: (212) 356-3509
jmclaugh@law.nyc.gov
*Assistant Corporation Counsel*

March 12, 2026

**BY ECF**
Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: Gonzalez, et al. v. City of New York, et al.,
     25 Civ. 5244 (PAE)

Your Honor:

   Defendant City of New York ("City") and defendant New York City Police Department ("NYPD")[1] respectfully request a sixty-day *nunc pro tunc* extension of their time to answer or otherwise respond to the Complaint in the above-captioned matter, extending the deadline from February 24, 2026 to April 27, 2026. Plaintiffs consent to this request.

   Plaintiffs filed this action on June 24, 2025, asserting claims under 42 U.S.C. § 1983 for false arrest arising from the execution of a search warrant at 3050 Park Avenue, Apartment 16B, Bronx, New York on January 8, 2025. The Complaint names as defendants the City, the NYPD, Police Officer Jayther Liriano, and two unidentified officers designated as "John Doe" and "Richard Roe."

   As reflected on the docket, plaintiffs encountered numerous filing deficiencies after initiating this case, prompting the Court to issue an Order to Show Cause on January 20, 2026 (ECF No. 11) directing plaintiffs to show cause why the action should not be dismissed for failure to prosecute under Rule 41. Plaintiffs subsequently filed an operative Complaint on January 29, 2026 (ECF No. 15). Summonses were issued on January 30, 2026 (ECF No. 17). The City and

---

[1] The NYPD is a non-suable agency of the City of New York. *See* N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). The City intends to move for dismissal of all claims against the NYPD on this basis at the appropriate time.

NYPD were served on February 3, 2026 (ECF Nos. 18, 19), making their answer deadline February 24, 2026.

       Good cause exists for the requested extension. This case was recently assigned to the undersigned, and additional time is needed to obtain and review the investigative file, coordinate with the client agency, and evaluate the claims. The case is in its earliest stages, no initial conference has been held, and discovery has not commenced, and the request for an extension is made with Plaintiffs' consent.

       Additionally, defendant City respectfully notes for the Court's attention that, according to the civil docket sheet, the individually named defendant, Police Officer Jayther Liriano, has not been served with process to date. Thus, this enlargement should give plaintiff time to serve the named officer defendant. If Officer Liriano is served, this enlargement may also allow this office time to conduct an inquiry to determine whether it will represent him in this action. *See* General Municipal Law § 50(k); *Mercurio v. City of New York, et al.,* 758 F.2d 862, 864-65 (2d Cir. 1985); *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

       Accordingly, defendants City and NYPD respectfully request that the Court extend their time to answer or otherwise respond to the Complaint, *nunc pro tunc*, to April 27, 2026.

       The Defendants thanks the Court for its consideration of this request.

Respectfully Submitted,

/s/ *John McLaughlin*

John McLaughlin
Attorney for Defendants City of New York and NYPD
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov

Cc:   **VIA ECF**
       *All counsel of record.*