Gary S. Fish, Esq.   (GSF    6551)
20 Vesey Street, #210, NY, NY 10007
(212) 964-5072
Attorney   for the Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X CASE NO.: 1:25-cv-05244-JPAE
CRISTY GONZALEZ and TYRENE GONZALEZ,

PLAINTIFFS,                              PLAINTIFFS' AMENDED
                                         COMPLAINT (Further to Document
                                         #26, the Tuesday, 4-28-26, 1223PM
                                         Order of United States District Judge
                                         Paul A. Engelmayer, providing
                                         plaintiffs, up to and including, May
                                         18, 2026, to file an Amended
                                         Complaint herein.)

THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT; POLICE OFFICER
JAYTHER LIRIANO;   "JOHN DOE", and
"RICHARD ROE",

DEFENDANTS.
                                                     X
_____

        Plaintiffs, by and through their attorney Gary S. Fish, Esq. (GSF 6551), further to the above

Order of United States District Judge Paul A. Engelmayer, and pursuant to Federal Rule of Civil

Procedure ("FRCP") Rule 15(a)(1)(B), sets forth   the following as their Amended Complaint

herein.

        COUNT I
        (VIOLATION OF 42 U.S.C. SECTION   1983-FALSE ARREST, PLAINTIFF CRISTY
        GONZALEZ    against DEFENDANTS)

    1.   On or about   January   8 , 2025,   , and at all times relevant herein,   plaintiff resided

and   resides at     3050 Park Avenue, #16B, Bronx, NY 10451, along with co-plaintiff, Tyrene

Gonzalez,   and one   Desmond Edwards.

-1-

2. On or about    January   8,    2025,    and at all times relevant herein, defendant The City of New York,   on   information and belief, was and is a municipal corporation lawfully organized and existing under the laws of the State of New  York, and on 1-8-25, and at all times relevant herein, said defendant municipal corporation had and has a principal place of business located at 530 Municipal   Building, NY, NY 10007.

3. On or about 1-8-25, and at all  times relevant herein, defendant The City of New York, and/or its agents and/or employees and/or representatives,    acted   pursuant to a municipality implemented   plan, decision,   custom ,   rule, regulation and/or order, pertaining to the search and/or   arrest    of the plaintiffs.

4. On or about  January    8, 2025, and at all times relevant herein, defendant New   York Police   Department was and is a business entity, form unknown, lawfully organized and existing under the   laws of the State of New York, and on 1-8-25 said defendant New York Police Department    ("NYPD") was an agent, and/or employee and/or representative of defendant The City of New   York, and had and has a principal place of business located at One Police Plaza, NY, NY 10038.

5. On or about 1-8-25 and at all times relevant herein , defendant Police Officer Jayther Liriano,   was and is a  NYPD police officer,   and then had and has a   principal places of business located at One Police Plaza, NY, NY   10038.

6. On or about 1-8-25, and at all times relevant herein, defendants "John Doe" and   "Richard Roe" were and are NYPD police officers, whose true names are presently unascertained, with their principal places of business located at One Police Plaza, NY, NY 10038, and on 1-8-25, and at all times relevant herein, all said presently   unidentified defendants as well as defendant

-2-

Police Officer Jayther Liriano,  acted within the  scope of their  agency and/or authority and/or employment  on behalf of NYPD, which was then,  and at all times  relevant herein, under the dominion and/or possession and/or ownership  and/or  control of  defendant The City of New York.

7.  On or about 1-8-25, the aforesaid defendants, acting purportedly pursuant to Warrant #B004-2025, signed by  Honorable S. Deronn (sic) Bowen, Judge, on 1-3-25, which expressly authorized on the premises located at 3050 park Avenue, #16B, Bronx, NY 10451, the search of LOCKED CONTAINERS, CABINETS, CLOSETS, STRONG BOXES, DESKS, SUITCASES, OR BRIEFCASES, OR OTHER CONTAINERS THEREIN, (My emphasis)  entered the above premises, looked into a locked, closed closet containing therein, a closed black garbage bag, which allegedly housed crack cocaine, seized the said cocaine, and then seized an individual  named Desmond Edwards, who resided on said premises, which Desmond Edwards seizure was expressly authorized by Warrant #B004-2025.

8.  Nowhere in Warrant #B004-2025 was the search and/or seizure of  either plaintiff Cristy Gonzalez or plaintiff Tyrene Gonzalez, expressly authorized.

9.  Nowhere in Warrant #B004-2025, was the search  and/or seizure of a black garbage bag, expressly authorized.

10. On or about 1-8-25, and for a time prior thereto, neither plaintiff Cristy Gonzelez , nor plaintiff Tyrene Gonzalez had access to the key which was then exclusively in the possession and/or control of Desmond Edwards, and which key locked up the closed closet, in which the closed black garbage bag allegedly containing crack cocaine was on or about 1-8-25 discovered.

11. At no  time prior to 1-8-25  and  up to and including on or about 1-8-25 did either

-3-

plaintiff    herein, own and/or possess and/or control the crack cocaine that was on or about 1-8-25 allegedly discovered in the closed black garbage bag on the premises in which said plaintiffs, then resided.

12. Prior to on or about 1-8-25 and up to and including on or about 1-8-25, Desmond Edwards had sole possession, and/or ownership and/or control over the key which opened and closed the closed closet door containing a black   non-transparent garbage bag, in which on or about 1-8-25 crack cocaine was then discovered.

13.  After on or about 1-8-25, the defendants found the above noted alleged crack cocaine in a closed black garbage bag, in a closed closet on the premises of 3050 Park Avenue, #16B, Bronx, NY 10451, where the plaintiffs and Desmond Edwards then resided, said defendants acting pursuant to a municipality implemented plan, and/or order and/or decision and/or custom and/or rule and/or regulation, wrongfully, intentionally, egregiously, without probable cause, arrested plaintiff Cristy Gonzalez (and plaintiff Tyrene Gonzalez).

14. As a result of defendants' false arrest of plaintiff Cristy Gonzalez, she was wrongfully, intentionally, without probable cause, egregiously, confined for approximately five (5) hours at a Bronx, New York, Police Precinct.

15. As a result of defendants' false arrest, plaintiff Cristy Gonzalez was caused to sustain loss of liberty, anxiety, stress and humiliation.

16. Defendants' false arrest of plaintiff Cristy Gonzalez was wanton, oppressive, egregious, heinous, was calculated to and did result in loss of liberty, and defendants, and each of them, are liable for punitive and exemplary damages as a result thereof.

17.  Venue is proper   herein, where the substantial acts giving rise to the subject matter of this

-4-

lawsuit, have occurred in  United States District Court,  Southern District of New York.

18.  The  false arrest  of the plaintiff Cristy Gonzalez  by defendants, and each of them, was part and  parcel , of an unconstitutional municipality implemented plan, decision, custom rule , regulation and/or order,  in one or more of the following ways, in that: (a) they acted in an ultra vires manner, beyond the scope of Warrant #004-2025, which did not expressly authorize the search and/or seizure of plaintiff Cristy Gonzalez therein;  (b) they fabricated    false, inculpatory evidence against  plaintiff Cristy Gonzalez  , by claiming that she was a co-conspirator  with  Desmond Edwards , although  plaintiff Cristy Gonzalez  had no knowledge of and/or culpability pertaining to the alleged crack cocaine allegedly found in a closed black garbage bag in a closed closet, for which she did not have the key; (c ) they falsely claimed in an effort to  impute criminal liability to plaintiff Cristy Gonzalez that the scales and instruments found in the closed closet for which only Desmond Edwards had the key, belonged to plaintiff Cristy Gonzalez, although defendants, who concocted and engineered and/or implemented this false claim, knew it was false, and (d ) the defendants, and all of them, falsely claimed that plaintiff  Cristy  Gonzalez intended to distribute the alleged crack cocaine seized, although they knew that this contraband did not belong to her.

19. As a result of defendants' herein constitutional violations, plaintiff Cristy Gonzalez incurred reasonable    attorney fees and costs.

COUNT II
(VIOLATION OF 42 U.S.C. SECTION 1983-FALSE ARREST , PLAINTIFF TYRENE GONZALEZ    against  DEFENDANTS)

20. Plaintiffs herewith repeat, restate and reallege Paragraphs 1-19 of the First Count.

21.  On or about 1-8-25, the defendants wrongfully, intentionally, egregiously, and without

probable cause, arrested plaintiff Tyrene  Gonzalez on the premises of 3050 Park Avenue, #16B, Bronx, NY 10451.

22. As a result of defendants' false arrest of the plaintiff Tyrene Gonzalez, she was wrongfully, intentionally, egregiously, without probable cause,   confined for approximately five (5) hours at a Bronx, New York, Police Precinct.

23. As a result of defendants'  false arrest   of the  plaintiff Tyrene Gonzalez,  she was caused to   sustain loss of liberty, and   sustained   anxiety, stress and humiliation.

24. Defendants' false arrest of plaintiff Tyrene Gonzalez , was wanton, oppressive, egregious, heinous, was calculated to and did result in loss of liberty, and defendants and each of them, are liable for punitive and exemplary damages as a result thereof.

25.  The    false arrest    of the plaintiff Tyrene Gonzalez   , by defendants, and each of them, was   part and parcel of an unconstitutional municipality implemented plan, decision, custom, rule, regulation and/or order, in one or more of the following ways, in that: (a) they acted in an ultra vires manner, beyond the scope of the subject Warrant #004-2025, which did not expressly authorize the search and/or seizure of plaintiff Tyrene Gonzalez;    (b) they fabricated false inculpatory evidence against    plaintiff Tyrene Gonzalez,   by claiming that she was a co-conspirator with Desmond Edwards, knowing that she had no criminal liability and/or criminal culpability for the alleged crack cocaine found in a closed closet door, for which she did not have the key and (c ) they fabricated false, inculpatory evidence against plaintiff Tyrene Gonzalez by claiming that the scales and instruments found in   closed closet door for which she did not have the key, belonged to her, knowing that this claim was false, and (d ) they falsely claimed that plaintiff Tyrene Gonzalez intended to distribute the alleged crack cocaine

found in a black non-transparent garbage bag in a closed closet, knowing that this contraband, did not belong to her.

26.  As a result of defendants' herein  constitutional violations so alleged, plaintiff  Tyrene Gonzalez incurred reasonable attorney fees and costs.

WHEREFORE, plaintiffs  prays for relief as follows:

AS AND FOR EACH OF    THE FIRST AND SECOND    COUNTS:

1.  For damages in the amount of $350,000.00 (Three   Hundred Fifty Thousand Dollars and Zero Cents);

2.  For punitive and exemplary damages in the amount of $1,400,000.00;
 (One Million   Four Hundred   Thousand Dollars and Zero Cents);

3.  For reasonable attorney fees and costs;

4.  For   disbursements; and

5.  For any other just relief by the Court.

DATED: NY, NY;    MAY    6, 2026              Respectfully submitted,

_____
Gary S. Fish, Esq.,  (GSF 6551),   Attorney
for   the Plaintiffs, 20 Vesey Street, #210,
NY, NY 10007; (212) 964-5072